UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| STEEDA AUTOSPORTS, LLC<br><br>     Plaintiff,<br><br>v.<br><br>UPR PRODUCTS, INC.; JOSEPH MAINIERO; AND DOES 1 THROUGH 10,<br><br>     Defendants. | CIVIL ACTION<br>FILE NO.: |

## PLAINTIFF STEEDA AUTOSPORTS, LLC'S
## COMPLAINT AGAINST UPR PRODUCTS, INC. and JOE MAINIERO

As and for its Complaint, Plaintiff Steeda Autosports, LLC ("Steeda") hereby alleges against Defendants UPR Products, Inc. ("UPR"), Joseph Mainiero ("Mainiero"), and DOES 1 through 10 (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.     This is a patent infringement action under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* and a trademark infringement action under the Lanham Act, 15 U.S.C. § 1125.

### THE PARTIES

2.     Steeda is a Florida corporation with its principal place of business located at 2019 Steeda Way, Valdosta, Georgia 31601.

3.     Formed in 1988, Steeda is the largest privately-held aftermarket manufacturer of Ford® performance parts and accessories. Steeda engineers and manufactures performance equipment for several Ford® vehicles including Ford Mustang, Fusion, Focus, Fiesta, and Ford Trucks. Steeda manufactures a complete line of Ford® performance parts and accessories including suspension/chassis components such as bushing kits used in the independent rear suspension sub-frame.

4.     Steeda is informed and believes and based thereon, alleges that Defendant UPR is a corporation organized and existing under the laws of the State of Florida with a place of business located at 750 S East Coast Street, Lake Worth, Florida 33460-4962. According to the Florida Secretary of State, Defendant UPR may be served via its registered agent for service of process, Mark Mainiero, located at 8761 Yearling Drive, Lake Worth, Florida 33467.

5.     Steeda is informed and believes and based thereon alleges that Defendant Joseph Mainiero is a resident of the State of Florida, having an address at 8761 Yearling Drive, Lake Worth, Florida 33467.

6.     Upon information and belief, Mainiero was at all times relevant an agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of UPR, and was the active, moving, and conscious force behind UPR, and personally participated in each and all of the acts or conduct alleged herein, including but not

limited to full knowledge of each and every violation of Steeda's rights and the damages to Steeda proximately caused thereby.

7.      Steeda is unaware of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. Steeda will seek leave to amend the complaint to assert their true names when they have been ascertained. Steeda is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

8.      This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      This Court has personal jurisdiction over Defendants because they regularly conduct business and/or solicit business in Georgia and within this District; because Defendants engage in other courses of conduct and derive revenue from products provided to residents of Georgia and this District as well as substantial revenue from interstate commerce; because Defendants have purposefully established substantial, systematic and continuous contacts with Georgia and this District and should reasonably expect to be hauled into court in this District; and

because Defendants have committed and continue to commit acts of patent infringement in Georgia and this District in violation of 35 U.S.C. § 271, and placing infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Georgia, including in this District. The acts by Defendants caused injury to Steeda within this District.

10.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have regularly transacted business in Georgia and within this District and offer for sale in this District products that infringe Steeda's patents and trademarks, because certain of the acts complained of herein occurred in Georgia and within this District, and because Defendants derive and seek to derive revenue from sales of infringing products sold in Georgia and within this District. In addition, venue is proper because Steeda's principal place of business is in this District and Steeda suffered harm in this District.

## GENERAL ALLEGATIONS

11.  On April 25, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent No. D784,881, titled "Bushing Kit for Aligning an Independent Rear Suspension Sub-frame to a Vehicle Body" ("the 'D881 patent"). Steeda is the owner by assignment of the 'D881 patent, a copy of which is attached hereto as Exhibit A.

12.     Steeda is informed and believes and based thereon alleges that Defendants have willfully copied Steeda's products embodying the 'D881 patent and that Defendants have no patents or pending patent applications of their own.

13.     Steeda is informed and believes and based thereon alleges that the making, using, selling, offering for sale, and/or importation of Defendants' products, including but not limited to on the URL "http://www.uprproducts.com/", infringes the claim of the 'D881 patent, including without limitation 15-18 MUSTANG IRS SUBFRAME BUSHING LOCKOUT KIT and 15-18 MUSTANG BILLET IRS DIFFERENTIAL INSERT KIT S550 (the "Accused '881 Products").

14.     Steeda sent cease-and-desist letters to Defendants in January, February, and March 2018, and attempted to engage in good faith discussions with Defendants throughout the early part of 2018 in an effort to put an end to Defendants' infringement.  Despite these efforts, Defendants' infringement has continued up through the present day.

15.     Of particular note, on both January 24, 2018 and February 6, 2018 Defendants assured Steeda that they would be re-designing the Accused '881 Products to assuage Steeda's concerns regarding the infringement.

16.     Steeda relied on these representations and awaited Defendants' redesign in good faith.  But, on information and belief, the Accused '881 Products were never altered.

17.     Instead, Defendants have increased their pattern of willful intellectual property infringement by infringing on Steeda's registered trademarks as well.

18.     Steeda designs, distributes, and sells high quality auto parts under the brand name and trademark STEEDA, U.S. Trademark Registration No. 2,315,226 (the "Trademark").  A copy of Steeda's trademark registration is annexed hereto as Exhibit B (the "Registration").

19.     The Registration is valid and subsisting, unrevoked and uncancelled.

20.     By reason of the Registration, Defendants had constructive notice of Steeda's claim of ownership in and to the Trademark since 2000 when the United States Patent and Trademark Office issued the Registration.

21.     Steeda has continuously and exclusively used the Trademark in connection with its lines of auto supplies since 1988.

22.     Steeda has spent significant sums of money promoting its brand of auto supplies under the Trademark.

23.     Through the efforts of, among other things, Steeda's designers, manufacturers and sales force, Steeda has achieved an outstanding reputation and

widespread recognition among the trade and consuming public for selling quality auto supplies and parts.

24.     Steeda has built up considerable goodwill in the Trademark through its extensive, and exclusive, use of the Trademark.

25.     The Trademark serves to identify Steeda as the source/origin of the goods on which the Trademark appear.

26.     As a result, in addition to its federal registration, Steeda has developed common law rights in the Trademark through its extensive and continuous use thereof.

27.     Defendant are now using the Trademark is promote Defendants' competing goods and services.

28.     Dozens     of     products     on     Defendants'     website, "http://www.uprproducts.com/", reference the Trademark, as seen in the exemplars below.



## 96-98 MUSTANG CHROME FUEL REGULATOR COVER

Regular price  $18.99
Item #  K5031  In stock
Availability  Usually ships the same business day
Estimate Shipping Date
Rating:  Rate Item

Quantity  1  ADD TO CART

**DESCRIPTION**   REVIEWS

Simply slips over existing stock fuel regulator.

No one else gives you the bold clean styling of our Aftermarket Dress Ups, Suspension and Performance Parts for your American Muscle Car!

Fits these Vehicles:

1996 1997 1998 GT Cobra V8 Mustang Steeda Roush & Saleen Vehicles.



## 96-04 MUSTANG CHROME RADIATOR CAP COVER

Regular price  $24.99
Item #  K5036  In stock
Availability  Usually ships the same business day
Estimate Shipping Date
Rating:  Rate Item

Quantity  1  ADD TO CART

**DESCRIPTION**   REVIEWS

Fits over existing radiator cap.

No one else gives you the bold clean styling of our Aftermarket Dress Ups, Suspension and Performance Parts for your American Muscle Car!

Fits these Vehicles:

1996 1997 1998 1999 2000 2001 2002 2003 2004 GT Cobra V8 Mustang Steeda Roush & Saleen Vehicles.

## 2005-2006 FORD MUSTANG SPORT BILLET GRILLE - UPR PRODUCTS



🔍 VIEW FULL SIZE

👍 Like 0   🐦 Tweet   G+   ▶ Share

| | |
|---|---|
| Regular price | $59.99 |
| Item # | F66022A In stock |
| Availability | **Usually ships the same business day** Estimate Shipping Date |
| Rating: | Rate Item |

Quantity  1   **ADD TO CART**

| DESCRIPTION | REVIEWS |
|---|---|

05-06 Mustang Sport V6 Billet Grille

No one else gives you the bold clean styling of our Aftermarket Dress Ups, Suspension and Performance Parts for your American Muscle Car like UPR Products!

Fits these Vehicles:

2005 2006 GT V8 Mustang Steeda Roush & Saleen Vehicles.

Made in the USA!

## 05-09 MUSTANG GT BILLET UPPER GRILLE



🔍 VIEW FULL SIZE

👍 Like 0   🐦 Tweet   G+   ▶ Share

| | |
|---|---|
| Regular price | $59.99 |
| Item # | F66013A In stock |
| Availability | **Usually ships the same business day** Estimate Shipping Date |
| Rating: | Rate Item |

Quantity  1   **ADD TO CART**

| DESCRIPTION | REVIEWS |
|---|---|

05-09 Mustang GT Billet Upper Grille

No one else gives you the bold clean styling of our Aftermarket Dress Ups, Suspension and Performance Parts for your American Muscle Car like UPR Products!

Fits these Vehicles:

2005 2006 2007 2008 2009 GT V8 Mustang Steeda Roush & Saleen Vehicles.

Made in the USA!

29.    Defendants reference the Trademark under the guise that Defendants' competing products "fit" STEEDA "vehicles."

30.    But Steeda does not manufacture vehicles.

31.    Rather, Steeda manufactures auto parts that can be used to modify and enhance the performance of pre-existing vehicles, such as the Ford Mustang ®.

32.    Therefore, Defendants use of the Trademark is, on information and belief, actual intended to drive traffic to Defendants' website and/or hold out to customers that the products for sale on Defendants' website are Steeda products or their equivalent.

33.    Furthermore, upon information and belief, the use of the Trademark on Defendants' website has the effect of manipulating search engine results for the Trademark in an attempt to enhance Defendants' web traffic, thus causing initial interest confusion.

34.    Upon information and belief, the infringement of Steeda's Trademark by Defendants, and each of them, was willful, reckless and/or in blatant disregard of Steeda's rights as the registered owner of the Trademark.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Design Patent No. D784,881)

35.     Steeda repeats, realleges and incorporates by reference the preceding allegations above as though set forth fully herein.

36.     Defendants, by and through theirs agents, officers, directors, retailers, resellers, employees and servants, have been and are currently willfully and intentionally infringing the 'D881 patent by making, using, offering to sell, and/or selling in the United States and/or importing into the United States one or more of the Accused '881 Products, which embody the design covered by the 'D881 patent. Defendants' acts constitute infringement of the 'D881 patent in violation of 35 U.S.C. §271.

37.     Steeda is further informed and believes and thereon alleges that Defendants' infringement is willful at least in part because Defendants have been aware of Steeda's product design since at least April 2017, and Defendants have willfully copied Steeda's design.

38.     As the side-by-side comparison shown below reveals, Defendants have misappropriated Steeda's patented design (shown left) in the Accused '881 Products (shown right).

| 'D881 Patent | Accused '881 Products |
|---|---|
|  | |

39.     Steeda is informed and believes and based thereon alleges that Defendants' infringement of the 'D881 patent will continue unless enjoined by this Court.

40.     By reason of the aforesaid infringing acts, Steeda has been damaged and is entitled to monetary relief in an amount to be determined at trial but in excess of the jurisdictional requirement of this Court.

41.     Because of the aforesaid infringing acts, Steeda has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement)

42.     Steeda repeats, realleges and incorporates by reference the preceding allegations above as though set forth fully herein.

43.     The design of Steeda's bushing kits is nonfunctional and the design's inherently distinctive quality is unique and has achieved a high degree of consumer recognition and serves to identify Steeda as the source of high quality goods.

44.     Steeda has used the design of its bushing kits in commerce since as early as May 2015, and Steeda's bushing kit design constitutes protectable trade dress.

45.     Defendants' unauthorized sale of the Accused '881 Products in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured,

offered, sponsored, authorized, licensed by or otherwise connected with Steeda or come from the same source as Steeda's goods when in fact they do not.

46. Defendants' use of Steeda's bushing kit design is without Steeda's permission or authority and in total disregard of Steeda's rights to control its trademarks.

47. Defendants' use of Steeda's bushing kit design is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Steeda has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Steeda.

48. Steeda has no adequate remedy at law.

49. In light of the foregoing, Steeda is entitled to injunctive relief prohibiting Defendants from using Steeda's protected designs and/or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Steeda has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to the Lanham Act.

## THIRD CLAIM FOR RELIEF

**(Trademark Infringement, 15 U.S.C. §1114)**

50.     Steeda repeats, realleges and incorporates by reference the preceding allegations above as though set forth fully herein.

51.     Steeda's Trademark is nationally recognized, including within the State of Georgia, as being affixed to goods and merchandise of the highest quality and coming from Steeda.

52.     The Registration for the Trademark is in full force and effect.

53.     Defendants acts set forth above, namely the unauthorized use of the Trademark in interstate commerce and advertising relating to same, constitutes false designation of origin, and a false representation that the Defendants' goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Steeda or come from the same source as Steeda's goods and are of the same quality as that assured by Steeda.

54.     Defendants' use of the Trademark is without Steeda's permission or authority.

55.     Defendants' use of the Trademark was and is in total disregard of Steeda's rights to control the Trademark.

56.     Defendants' infringing activities are likely to cause the public to believe that Steeda produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Steeda.

57.     Upon information and belief, Defendants' acts and omissions set forth herein were deliberate, and intended to confuse the public as to the source of Defendants' goods or services, and/or intended to Steeda and reap the benefit of Steeda's goodwill associated with the Trademark.

58.     Defendants' acts and omissions set forth herein have caused, and unless enjoined by this Court, will continue to cause, great and irreparable injury to Steeda.

59.     Steeda has no adequate remedy at law.

60.     In light of the foregoing, Steeda is entitled to injunctive relief prohibiting Defendants from using the Trademark, or any other marks confusingly similar thereto, for any purpose.

61.     In addition, Steeda is entitled to recover from Defendants all damages that Steeda has sustained and will sustain as a result of Defendants' infringing acts, or all gains, profits and advantages Defendants obtained as a result thereof, in an amount to be established at trial, costs of this action pursuant to 15 U.S.C. § 1117(a),

attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory

damages pursuant to 15 U.S.C. § 1117(c).

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement, 15 U.S.C. §1125(a))

62.    Steeda repeats, realleges and incorporates by reference the preceding

allegations above as though set forth fully herein.

63.    Section 1125(a)(1 )(A) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods
> or services, or any container for goods, uses in
> commerce any word., term, name, symbol, or device,
> or any combination thereof, or any false designation of
> origin, false or misleading description of fact, or false
> or misleading representation of fact, which-…is likely
> to cause confusion, or to cause mistake, or to deceive
> as to the affiliation., connection or association of such
> person with another person, or as to the origin,
> sponsorship, or approval of his or her goods, services
> or commercial activities by another person....

64.    Defendants' unauthorized use of the Trademark on and in connection

with the manufacturing, advertising, promotion, distribution, offering for sale, and

sale of, its merchandise in interstate commerce is likely to mislead the trade, and

prospective and actual consumers, into believing wrongly that Defendants' goods

are approved by, sponsored by, or are somehow affiliated or connected with Steeda.

17

65.     Upon information and belief, Defendants' acts were committed with the purpose and intent of appropriating and trading upon Steeda's goodwill.

66.     Defendants' adoption and use of the Trademark on and in connection with the its competing goods constitutes unfair competition, trademark infringement, false designation of origin and false description, and passing-off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Defendants' unauthorized acts and omissions set forth herein are likely to lead to, and result in, confusion, mistake, or deception, and are likely to cause the public to believe that Steeda has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Steeda.

68.     Defendants' acts and omissions set forth herein have caused, and unless enjoined by this Court, will continue to cause, great and irreparable injury to Steeda.

69.     In light of the foregoing, Steeda is entitled to injunctive relief prohibiting Defendants from using the Trademark, or any other marks confusingly similar thereto, for any purpose.

70.     In addition, Steeda is entitled to recover from Defendants all damages that Steeda has sustained and will sustain as a result of Defendants' infringing acts, or all gains, profits and advantages Defendants obtained as a result thereof, in an

amount to be established at trial, costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steeda Autosports LLC prays for judgment against Defendants as follows:

(a)     An Order adjudging Defendants to have infringed the 'D881 patent under 35 U.S.C. § 271;

(b)     An Order adjudging Defendants to have willfully infringed the 'D881 patent under 35 U.S.C. § 271;

(c)     A permanent injunction under 35 U.S.C. § 283 enjoining Defendants, their officers, directors, agents, servants, employees and attorneys, and those persons acting in concert or participation with Defendants, from directly and/or indirectly infringing the 'D881 patent in violation of 35 U.S.C. § 271;

(d)     A permanent injunction, pursuant to 15 U.S.C. § 1116, against Defendants and their respective officers, partners, agents, servants, employees, sales representatives, distributors, partners, subsidiaries, related companies, heirs, predecessors, successors, assigns, attorneys, and all others in active concert or participation with any of them enjoining them from:

i.      Using, whether directly or indirectly, Steeda's Trademark, including any key part thereof, in a manner that is likely to cause confusion or mistake, or to deceive;

ii.     Engaging in any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or any of their respective products or services emanate from Steeda, or are connected with, affiliated with, sponsored by, or approved by Steeda or any of its family of brands;

iii.    Aiding or assisting any person in engaging in any of the acts prohibited by subsections (i) through (ii) above

(e)     An accounting of Defendants' profits;

(f)     An order for a trebling of damages and/or enhanced damages due to Defendants' willful misconduct under 35 U.S.C. § 284;

(g)     An order requiring Defendants to pay Steeda statutory damages, punitive damages, treble damages, actual damages, all profits wrongfully derived by Defendants from the use of Steeda's Trademark, and such other compensatory damages as well as applicable interest, costs, and attorney's fees prescribed by the Lanham Act;

(h)     An Order adjudicating that this is an exceptional case;

(i)     An award to Steeda of the attorneys' fees and costs incurred by Steeda in connection with this action under 35 U.S.C. § 285;

(j)     An award to Steeda of Defendants' profits under 35 U.S.C. § 289;

(k)     An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and,

(l)     Such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of November, 2018.

|  |  |
|---|---|
|  | **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP** |
| One Atlanta Plaza<br>950 East Paces Ferry Road<br>Suite 2850<br>Atlanta, Georgia 30326<br>p. 470.419.6650<br>f.  470.419.6651 | */s/ W. Shawn Bingham*<br>W. Shawn Bingham<br>Georgia Bar No.: 839706<br>*Attorney for Plaintiff Steeda Autosports, LLC* |
|  | **COLEMAN TALLEY LLP** |
| 3475 Lenox Road NE<br>Suite 400<br>Atlanta, Georgia 30326<br>p. 229-671-8229<br>f. 229-333-0885 | */s/ Edward F. Preston*<br>Edward F. Preston<br>Georgia Bar No.:  587416<br>*Attorney for Plaintiff Steeda Autosports, LLC* |

9383903v.1